UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS JAMES WALLACE,

    Petitioner,

       v.

DEBRA SCUTT,

    Respondent.
_____/

Case No. 12-cv-15514

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**ORDER DENYING PETITIONER'S REQUEST FOR RECONSIDERATION [13] AND DENYING AS MOOT PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL [14]**

**I. INTRODUCTION**

Thomas James Wallace ("Petitioner") commenced this action on December 14, 2012, pursuant to 28 U.S.C. § 2254. In his Petition for a Writ of Habeas Corpus [1], Petitioner challenged his Wayne County (Michigan) convictions for three counts of distribution of child sexually abusive material, *see* MICH. COMP. LAWS § 750.145c(3), and three counts of possession of child sexually abusive material, *see* MICH. COMP. LAWS § 750.145c(4). Petitioner asserted that there was insufficient evidence to support his convictions, that he was denied effective assistance of counsel, and that the state courts misapplied federal law. *See* Dkt. No. 1. Respondent Debra Scutt urged the Court, through counsel in her Response [6], to deny the Petition on grounds that Petitioner's claims were untimely, waived, procedurally defaulted, not cognizable, and meritless. The Court agreed that the habeas petition was time-barred and dismissed Petitioner's Habeas Petition in an Opinion and Order dated June 15, 2015. [11]

Petitioner has appealed the Court's decision. Pending before this Court are Petitioner's Application to Proceed *In Forma Pauperis* on appeal [14] and his Request for Reconsideration of the Court's Decision to Dismiss [13].

## II. LEGAL STANDARD

Under this Court's Local Rules, the Court may not grant a motion for reconsideration which merely presents the same issues that the Court already ruled on. LR 7.1(h)(3)(E.D. Mich. July 1, 2013). Additionally, the movant must demonstrate that there is a palpable defect in the opinion or order under attack and that correcting the defect will result in a different disposition of the case. *Id.*; *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Systems*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

## III. DISCUSSION

Here, Petitioner contends that the trial court and this Court incorrectly interpreted the factual basis for his guilty plea. [13, at 1-4] But the basis for the Court's ruling in this case was Petitioner's failure to comply with the one-year statute of limitations, 28 U.S.C. § 2244(d), not the factual basis for his plea. And the trial court's alleged failure to comprehend the factual basis for Petitioner's plea is not a basis for reconsideration, because "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989). The

Court therefore declines to grant reconsideration on the basis of the alleged misunderstanding of the factual basis for Petitioner's guilty plea.

Petitioner alleges next that the Court should find he is innocent of the charges lodged against him. According to him, the prosecution's case was devoid of any physical evidence that he possessed or distributed child sexually explicit material. [13, at 4-5]

The Court considered and rejected Petitioner's claim of actual innocence in its dispositive opinion and order. In doing so, the Court noted that Petitioner pleaded guilty, as charged, and admitted at the plea proceeding that he possessed at least three sexually abusive photographs and distributed at least three sexually abusive photographs. [11, at 11] The Court therefore declines to reconsider its previous decision on the basis of Petitioner's claim of innocence.

As an additional basis for granting reconsideration, Petitioner alleges that the Court incorrectly evaluated his claims of ineffective assistance of counsel under *United States v. Cronic,* 466 U.S. 648 (1984), *Hill v. Lockhart*, 474 U.S. 52 (1985), and *Strickland v. Washington*, 466 U.S. 668 (1984). [13, at 5] The Court, however, did not even mention those cases in its dispositive opinion, and even though the Court did consider Petitioner's argument that his attorney lied to him about whether he could appeal his conviction, the Court noted that the trial court correctly informed Petitioner that he had a right to apply for leave to appeal and appointment of appellate counsel. [11, at 8] Thus, Petitioner's claim about his plea attorney is not a basis for reconsideration.

### III. CONCLUSION

Petitioner has failed to demonstrate that the Court made a palpable error in its Opinion and Order dismissing his habeas petition. Accordingly, Petitioner's Request for Reconsideration of the Court's Decision to Dismiss [13] is **DENIED**. The Application to Proceed *In Forma*

3

*Pauperis* on appeal [14] is denied as moot because the Court granted Petitioner leave to proceed *in forma pauperis* on appeal in its dispositive Opinion and Order. [11, at 12]

Dated: September 25, 2015          /s/Gershwin A Drain
                                   HON. GERSHWIN A. DRAIN
                                   United States District Judge